UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU (SINGAPORE) PTE. LTD; <br> ZURU INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 22 Civ. 2483 <br><br> Plaintiffs shall file Schedule A ex parte and under seal by March 29, 2022. So Ordered. <br><br> Dated: March 28, 2022 <br> New York, New York <br><br> *[signature]* <br> LORNA G. SCHOFIELD <br> UNITED STATES DISTRICT JUDGE |

**PLAINTIFFS' MOTION TO SEAL**

Plaintiffs ZURU (SINGAPORE) PTE., LTD, and ZURU INC. (collectively, "Plaintiffs") respectfully submit this application to file under seal the following documents associated with the above referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiffs' Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (hereinafter the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores, and

(2) screenshot printouts showing the active Defendant Internet Stores (Exhibit 2 to the Declaration of Stephen Drysdale).

Plaintiffs filed their public-record version of the documents redacted and concurrently herewith has provisionally filed the documents electronically under seal.

1

In this action, Plaintiffs are requesting this *ex parte* relief based on claims for trademark counterfeiting and copyright infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal this document.

Therefore, Plaintiffs respectfully request that the Court grants Plaintiffs leave to file its Schedule A attached to the Complaint and Exhibit 2 to the Declaration of Stephen Drysdale under seal. *See, e.g., WowWee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al.*, No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al.*, No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al.*, No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated: March 28, 2022 

Respectfully submitted,

COLE SCHOTZ P.C.

By: */s/ Michael R. Yellin*
Michael R. Yellin
1325 Avenue of the Americas
19th Floor
New York, New York 10017
(201) 525-6258
myellin@coleschotz.com

-and-

THOITS LAW
Christopher Tom, Esq.
400 Main Street, Suite 250
Los Altos, CA 94022
(650) 327-4200
ctom@thoits.com

*Attorneys for Plaintiffs, ZURU (SINGAPORE) PTE., LTD, and ZURU INC.*