```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ZURU (SINGAPORE) PTE., LTD., et al.                          :
                                       Plaintiff,            :
                                                             :     22 Civ. 2483 (LGS)
               -against-                                     :
                                                             :         ORDER
THE INDIVIDUALS, CORPORATIONS,                               :
LIMITED LIABILITY COMPANIES,                                 :
PARTNERSHIPS, AND UNINCORPORATED                             :
ASSOCIATIONS IDENTIFIED ON                                   :
SCHEDULE A HERETO,                                           :
                                       Defendants.           :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Procedural Background**

WHEREAS, default judgment was entered against certain Defaulting Defendants who were served by email pursuant to the Orders finding "[s]ervice on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants" and authorizing and deeming effective such service, pursuant to Federal Rule of Civil Procedure 4(f)(3). *See, e.g.*, Dkt. No. 21. Rule 4(f)(3) permits service of an individual in a foreign country "by other means [than those provided in Rule 4(f)(1)-(2)] not prohibited by international agreement, as the court orders."

WHEREAS, pursuant to the Order dated August 12, 2022, Plaintiffs were directed to file a memorandum of law addressing whether email is a means of service "not prohibited by international agreement" under Rule 4(f)(3), including considering that the Defaulting Defendants are believed to be located in the People's Republic of China ("China"), and China has objected to the use of "postal channels" as a means of service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

**Applicable Law Regarding Rule 4(f)(3)**

WHEREAS, "[a]llowance of alternative means of service pursuant to Fed. R. Civ. P. 4(f)(3) is permissible so long as it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *4 (S.D.N.Y. May 1, 2020) (internal quotation marks omitted). Where service may be authorized by Rule 4(f)(3), Plaintiff need not attempt, and courts need not give preference to, means of service under Rule 4(f)(1) or 4(f)(2). *See Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 Civ. 5553, 2020 WL 7093592, at *4 (S.D.N.Y. Dec. 4, 2020) (noting that "Rule 4(f) is not hierarchical" and service may be authorized under Rule 4(f)(3) "even if the method of service is in contravention of the laws of the foreign country" and thus precluded under 4(f)(2)).

WHEREAS, "service of process by email on Defendants in China is not prohibited by the Hague Convention, to which China is a signatory, because the Hague Convention does not apply where the address of the person to be served is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). "Courts in this Circuit have found that an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co. v. Acuteye-Us*, No. 21 Civ. 5860, 2022 WL 2872297, at *5 (S.D.N.Y. July 21, 2022) (cleaned up).

WHEREAS, "plaintiffs have been found to have exercised reasonable diligence to discover a physical address . . . where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based search[es], called known phone numbers, and conducted in-person visits, where the plaintiff performed extensive

2

investigation and issued subpoenas to the relevant domain registrars and email providers, and where a plaintiff has attempted to obtain the defendant's address in a variety of ways." *Id.* (cleaned up).  A plaintiff does not exercise reasonable diligence, however, by "a mere perusal of defendant's storefront," where the plaintiff has not "sought information from Amazon regarding the defendants' addresses," nor "taken any additional steps." *Id.* at *6.

**Service is Proper Under Rule 4(f)(3)**

WHEREAS, the Hague Convention does not apply in this case because Plaintiffs, after the exercise of reasonable diligence, do not know the address of Defendants.  As described in Plaintiffs' memorandum of law and supporting declarations, Plaintiffs have been reasonably diligent in seeking to discover physical addresses of the Defaulting Defendants.  Plaintiffs served the Order at Dkt. No. 21 on the online marketplace platforms on which the Defaulting Defendants operated.  The Order required those platforms to produce all available contact information, but several of the platforms produced only email addresses and not physical addresses.  While Amazon did produce physical addresses in response to the Court's Order, it provided multiple, conflicting addresses for several Defendants.  Then, unlike the plaintiff in *SmartStudy*, Plaintiffs and local counsel in China conducted further online research, sent mail to the addresses, and conducted in-person visits to ascertain whether any of the physical addresses were correct and usable for service.  *See Smart Study*, 2022 WL 2872297, at *5-6; *see also Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (approving similar measures as reasonably diligent).

**Service is Proper under the Due Process Clause**

WHEREAS, email service also "meet[s] the strictures of the Due Process Clause" in this case, which "requires only that the alternative means of service be 'reasonably calculated, under

3

all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc.*, 2020 WL 2097624, at *5 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

WHEREAS, email service has repeatedly been held to comply with due process for online retailers that operate their business primarily by email but lack any reliable physical address. *See, e.g.*, *Mattel, Inc.*, 2020 WL 2097624, at *4 (finding email service "specifically appropriate . . . because 'third-party merchants on DHgate, Alibaba and AliExpress . . . have been known to use aliases, false addresses and other incomplete identifying information to shield their true identities'"); *WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893, 2019 WL 1316106, at *2 (S.D.N.Y. Mar. 22, 2019) (collecting cases recognizing "the propriety of electronic service of process for allegedly online internationally-based counterfeiters linked to a functioning email address but who otherwise remained anonymous" (cleaned up)); *Dama S.P.A. v. Does*, No. 15 Civ. 4528, 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (same); *see also Cengage*, 2017 WL 11570668, at *2 (citing *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007)).

WHEREAS, because the Defaulting Defendants here are online retailers that operate their business primarily by email but lack any reliable physical address, email service as provided in the Order at Dkt. No. 21 was reasonably calculated to provide notice consistent with due process.

It is hereby **ORDERED** that, consistent with the Order granting Plaintiff default judgment against the Defaulting Defendants, the means of alternative service authorized in the Order at Dkt. No. 21 for purposes of the temporary restraining order is deemed effective for purposes of entry of default judgment.

Dated: October 26, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE